**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Aaron Darell Fancher,

                Petitioner,            Case Number: 26-12000
                                          Honorable Jonathan J.C. Grey

v.

Adam Douglas,

                Respondent.

_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S
MOTION TO STAY AND HOLD HABEAS PETITION IN
ABEYANCE (ECF No. 2), AND (2) ADMINISTRATIVELY
CLOSING THE CASE**

Michigan prisoner Aaron Darell Fancher, proceeding *pro se*, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) He challenges his convictions for two counts of assault with intent to rob while armed and one count of first-degree home invasion. Fancher also filed a motion to stay these proceedings and hold the petition in abeyance. (ECF No. 2.) As explained below, the Court **GRANTS** the motion and holds the petition in abeyance while Fancher pursues his unexhausted claims in the state courts. The Court also will administratively close this case.

## I.      BACKGROUND

Fancher was convicted by a jury of two counts of assault with intent to rob while armed, Mich. Comp. Laws § 750.89, and one count of first-degree home invasion, Mich. Comp. Laws § 750.110a(2). (ECF No. 1, PageID.1-2.) The trial court sentenced him, as a fourth-offense habitual offender, Mich. Comp. Laws § 769.12, to serve concurrent sentences of 14 to 30 years' imprisonment and 9 to 20 years' imprisonment, respectively. (*Id.* at PageID.1.)

The Michigan Court of Appeals affirmed Fancher's convictions, *People v. Fancher*, No. 362292, 2023 WL 7098376 (Mich. Ct. App. Oct. 26, 2023), and the Michigan Supreme Court denied his application for leave to appeal, *People v. Fancher*, 513 Mich. 1047 (Mich. March 29, 2024).

On May 5, 2025, Fancher filed a motion for relief from judgment in the trial court, raising claims concerning new evidence of innocence and ineffective assistance of counsel. (ECF No. 2, PageID.18-19.) The trial court denied the motion. (*See id.* at PageID.18.) Fancher then filed an application for leave to appeal in the Michigan Court of Appeals. (*Id.* at PageID.19.) That appeal remains pending.

In his petition, Fancher raises claims concerning the great weight of the evidence and the trial court's denial of a defense motion for a new trial. (*See* ECF No. 1, PageID.5-7.) While he states that these claims are exhausted, Fancher acknowledges that the claims currently pending before the Michigan Court of Appeals are unexhausted because they were not presented on direct review. He asks the Court to stay the proceedings and hold the habeas petition in abeyance pending exhaustion so that he may then raise them in an amended petition.

## II.   ANALYSIS

A state prisoner seeking federal habeas relief must exhaust available state court remedies before raising a claim in federal court. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Winburn v. Nagy*, 956 F.3d 909, 913 (6th Cir. 2020). To satisfy this requirement, the claims must be "fairly presented" through "one full round" of the state's appellate review process, that is, to both the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

Although the claims raised in the petition appear to have been exhausted, Fancher is currently pursuing additional claims in the state

courts by appealing the trial court's denial of his motion for relief from judgment. Fancher wants to raise these claims in this petition, but because they are unexhausted, Fancher seeks a stay while he pursues appellate review of the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and, if necessary, the Michigan Supreme Court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if there is good cause for the petitioner's failure to exhaust his claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The Court finds that a stay is warranted. First, dismissal of this case while Fancher pursues state remedies could result in a subsequent petition being barred by the one-year statute of limitations found in 28 U.S.C. § 2244(d). Second, Fancher's ineffective assistance of appellate counsel claim may constitute good cause for failing to previously exhaust these claims. *See Wagner v. Smith*, 581 F.3d 410, 419 nn.4, 5 (6th Cir. 2009). He also has good cause for failing to raise his ineffective assistance

4

of appellate counsel claim on direct review because appellate counsel cannot reasonably be expected to argue his or her own ineffectiveness. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). Finally, based upon the present record, the Court cannot conclude that these claims are plainly meritless or that Fancher has engaged in abusive litigation tactics or intentional delay. *See Rhines*, 544 U.S. at 277-278. Under these circumstances, a stay is appropriate while Fancher completes exhaustion of state-court remedies.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Fancher does not delay in exhausting his state court remedies, the Court imposes time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). If the state courts deny him the relief he seeks, Fancher must return to this court with a motion to lift the stay and an amended habeas petition, using the same caption and case number, within **SIXTY (60) DAYS** of fully exhausting his state court remedies. If the conditions of the stay are not met, the Court may dismiss the petition. *Id.* at 781.

Finally, while the case is pending resolution in state court, the Court will administratively close the case. "Administrative closures are a tool of docket management. Existing outside the Federal Rules of Civil Procedure, administrative closures primarily serve as a method to shelve pending, but dormant, cases." *Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 274 (6th Cir. 2023) (cleaned up). Because an administrative closure has no effect on the disposition of the case, "an administrative closure is not tantamount to a formal dismissal of a case," which is appealable. *Id.*

## III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Fancher's motion to stay, ECF No. 2, is **GRANTED**. This stay is conditioned upon Fancher's return to this Court, with a motion to lift the stay and an amended petition, using the same caption and case number included at the top of this Order, within **SIXTY (60) DAYS** of fully exhausting his state court remedies. If Fancher fails to comply with any of the conditions described in this paragraph, the Court may dismiss his petition.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case for administrative purposes only. Nothing in this Order

or the related docket entry shall be construed as an adjudication of any

of Fancher's claims.

**SO ORDERED.**

> **s/Jonathan J.C. Grey**
> JONATHAN J.C. GREY
> UNITED STATES DISTRICT JUDGE

Dated: July 21, 2026

7

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 21, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager